FILED
SUPERIOR COURT
OF GUAM

2026 MAY 12 AM 10: 56

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MIRANDA G. GRANT, | **DOMESTIC CASE NO. <u>DM0105-26</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER GRANTING MOTION FOR SPOUSAL SUPPORT AND ATTORNEY'S FEES PENDENTE LITE** |
| JOEL GRANT, III, | |
| Defendant. | |

In this marital dissolution action, Plaintiff Miranda G. Grant seeks pendente lite spousal support and an Order requiring the payment of her attorney's retainer fee. Finding that Defendant Joel Grant, III, has adequate funds to support her needs, the Court GRANTS her motion.

## I.  FINDINGS OF FACT

Based on the parties' Declarations and the testimony received by the Court at a hearing on April 24, 2026, the Court makes the following findings:

1. The parties have been married for approximately 23 years.

2. Miranda, who is 48 years old, has no income and has been cut off from credit cards controlled by Joel. She has a high school degree and last worked as a hotel housekeeper. During most of the marriage, she was a homemaker. She has a limited understanding of the parties' finances—an issue Joel took control of throughout the marriage.

3. When Miranda left the marital home in March 2026, Joel changed the locks.

ORIGINAL

4. Miranda claims her reasonable monthly need is approximately $5,400, consisting of rent ($2,400), utilities ($800), gas ($400), groceries ($800), and miscellaneous and credit card payments ($1,000).

5. Joel, 55 years old, also has a high school degree. He now works for a military contractor and reports a net monthly income of approximately $12,998.00. The Court adopts this figure.

6. Joel's reasonable monthly expenses include a mortgage ($2,520.55), utilities ($470), medical insurance ($250), and gas ($400). He also claims he spends $1,200 on groceries, $5,000 on credit card payments, and $1,800 on support for his adult children.

7. Following the hearing on Miranda's motion, Joel voluntarily turned over $20,000 in community property funds to Miranda, which he claims is one-half of their total community property savings.

8. Miranda paid $8,000 for an attorney's retainer fee and legal costs. Joel is also represented by counsel, for whom he paid a similar retainer amount.

## II. LAW AND DISCUSSION

### A. Spousal Support

During the pendency of a divorce proceeding, the trial court in its discretion may require temporary spousal support. 19 GCA § 8402. Such an award allows the spouse to live in her accustomed manner. *Malabanan v. Malabanan*, 2013 Guam 30 ¶ 28. In *Kang v. Kang,* the Guam Supreme Court emphasized the need to consider the parties' circumstances, including their standard of living, the length of the marriage, and the age, education, and ability of both parties. 2014 Guam 25 ¶ 20. Further, the *Kang* court highlighted guidance from *Sweeley v.*

ORIGINAL

*Sweeley*, 170 P.2d 469, 470 (Cal. 1946), which looked at the circumstances of the parties, including the property each possesses, their respective incomes and earning abilities, as well as their needs, in determining spousal support.

Turning first to Miranda's abilities and needs, she is unemployed, has no independent income, and no job skills or ability to earn much more than minimum wage. In the 23-year marriage, she has been a homemaker primarily and was economically dependent on Joel. She also has no separate housing and was locked out of her residence, making her need for accommodation immediate and compelling. Her listed expenses for utilities, groceries, gas, and miscellaneous items generally align with Joel's, thereby confirming her accustomed economic level. As Joel pays for community debt as well as Miranda's medical insurance, the Court adopts $5,000 per month as her appropriate support amount.

As for Joel's financial capacity, the Court finds that he earns approximately $12,998 per month, and that his listed expenses are reasonable except for the family support and credit card debt. First, the Court does not count the $1,800 in family support as a mandatory debt that trumps Miranda's needs. As stated in *In re Marriage of Hatch*, "Where the wife is as financially disadvantaged as compared to the husband as is true here, 'The obligation to provide for the wife is not subordinate to those owed other persons. If necessary the husband must invade his investments to provide the wife with the sinews to conduct her litigation with him.'" 215 Cal. Rptr. 789, 794 (Cal. App. 1985). Similarly, Joel must support his spouse before contributing to his adult children's needs.

Moreover, Joel has failed to explain the credit card debt. If the debt was spent on discretionary items, the Court finds that some of it would have been spent on items shared with

ORIGINAL

Miranda. Because she no longer lives at the residence or receives his support, the Court finds it reasonable to cap the attribution of his monthly credit card expenses at $2,500.

Having freed up $4,300 from Joel's listed expenses, and finding that after deducting his other reasonable expenses, he still has a monthly balance of over $3,000, the Court finds he is capable of paying Miranda $5,000 per month in spousal support pendente lite.

Following the hearing on the present motion, Joel turned over $20,000, which is one-half of the parties' community property savings. The Court does not require Miranda to exhaust this sum before receiving temporary support. While savings comprise the parties' individual financial pictures, a spouse is not forced to impair and deplete such amounts when the other spouse has a greater ability to pay. *Malabanan*, 2013 Guam 30 ¶ 28. Based on the disparity of the parties' incomes and Joel's ability to pay spousal support, the Court declines to require Miranda to further exhaust her savings.

**B. Attorney's Fees**

A court may order a spouse to pay money necessary for the other spouse's prosecution or defense of a marital dissolution action. 19 GCA § 8402(a). In *Cruz v. Cruz*, the Guam Supreme Court recognized that necessity depends on the parties' financial circumstances and needs. 2005 Guam 3 ¶ 22. Also, in making this determination, the court should consider the equities of the parties, the plaintiff's need to bring this action, and the parties' financial abilities post-divorce. *Id.* ¶ 14.

The Court has already assessed the parties' financial situation, which shows that Joel had the greater share of earning capacity throughout the marriage and is likely to be the higher wage-earner after the divorce. As to the need for this dissolution action, the Court takes judicial notice that Joel initiated a divorce action last year on grounds similar to those he asserts in his


ORIGINAL

counterclaim. *Grant v. Grant*, Domestic Case No. DM0012-25 (V. Compl. Divorce (Jan. 13, 2025)). A marital dissolution action appears to have been inevitable.

Counsel's role is also to narrow the issues for trial and, if possible, to seek a mutual resolution. The Court urges the parties to pursue mediation or other alternative dispute resolution mechanisms to avoid further dissipation of their marital assets, which are finite. However, in this case, the Court sees no path toward a truly joint resolution absent legal counsel.

Accordingly, balancing the parties' circumstances and needs, and the need for this case and for counsel, the Court finds that Joel is financially positioned to absorb the costs of Miranda's legal representation. Absent his contributions towards her legal fees, she would be in a vastly inferior position relative to him regarding all aspects of her case, including her claims regarding domestic violence and her understanding of their complicated financial situation. *See In re Marriage of Tharp,* 116 Cal. Rptr. 3d 375, 391 (Ct. App. 2010) (public policy behind requiring equal access to counsel is to level the playing field and permit the lower-earning spouse to pay counsel and experts to litigate the issues in the same manner as the spouse with higher earnings).

Moreover, the Court again does not require Miranda to exhaust her savings to pay her attorney's fee.[1] Joel is ordered to advance Miranda's attorney's retainer and legal costs from funds in his possession or control.

---

[1] California eventually codified a standard whereby one spouse's resources do not have to be taken into consideration for an award of attorney's fees. "The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances." Cal. Fam. Code § 2032(b).

ORIGINAL

### III.     CONCLUSION AND ORDER

Joel shall pay Miranda $5,000 per month, due on or before the 5th of each month,

beginning the month following this Decision and Order.[2]  Joel shall also pay a separate lump-

sum amount of $8,000 in attorney's fees and costs.  Finally, Joel shall continue to maintain

Miranda's existing health insurance coverage pending further Order.

Both parties shall refrain from transferring, concealing, or dissipating community assets

except for reasonable living expenses.

**SO ORDERED, 12 May 2026.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Anthony C. Perez, Esq., Law Office of Anthony C. Perez, for Plaintiff Miranda G. Grant
Vanessa Williams Cruz, Esq., Williams Cruz Law, for Defendant Joel Grant, III

---

[2] The Court declines to make spousal support retroactive as Miranda has received funds to cover that period.

ORIGINAL